UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **EMERGENCY STAFFING SOLUTIONS, INC.** | * * * | **CIVIL ACTION NO. 3:10-CV-00157** |
| **Plaintiff** | * * | |
| **VERSUS** | * * | **JUDGE ROBERT G. JAMES** |
| **MOREHOUSE PARISH HOSPITAL SERVICE DISTRICT NO. 1 d/b/a MOREHOUSE GENERAL HOSPITAL** | * * * * | **MAG. JUDGE KAREN L. HAYES** |
| **Defendant** | * | |

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Morehouse Parish Hospital Service District No. 1 d/b/a Morehouse General Hospital ("Morehouse General") respectfully submits the following facts are undisputed or may be assumed as true for purposes of this Motion:

1. On July 1, 2007, ESS and Morehouse General entered into a "Hospitalist and Emergency Department Services Agreement. (Complaint at Paragraph 6).

2. Pursuant to the Agreement, ESS would arrange for Emergency Physician coverage for the Morehouse General emergency department and for Hospitalist Physician coverage. (Exhibit A at Section 3(A) and (B)).

3. Morehouse General, by letter dated March 17, 2009 directed to ESS' Chief Executive Officer, Ron Weiss, terminated the Agreement effective July 1, 2009.(Complaint at Paragraph 8).

4. The Agreement, in Section 10(A) provides:

    10. <u>Restrictive Covenant.</u>

    A. In recognition that ESS expends substantial resources and efforts to make qualified physicians available to serve as Providers, Hospital agrees that, during the Term of this

      Agreement including any extensions thereof, and for a period of 12 months after the termination or expiration of this Agreement regardless of cause, Hospital will not directly or indirectly (including, without limitation, through a controlled affiliate) solicit, retain, employ, contract with or otherwise engage or be the beneficiary of the professional services of any Provider who (a) was presented to Hospital by ESS as a prospective Provider within a six month period prior to date of termination or expiration of this Agreement, or (b) provided either administrative or medical services to satisfy ESS' obligations under this Agreement at Hospital. In addition, Hospital agrees that it will not induce, persuade, or attempt to persuade any Emergency Physician or prospective Emergency Physician to refuse to provide services or terminate his or her relationship with ESS, its agents or affiliates. Any current physicians working in the Hospital do not apply to this Restrictive Covenant. Notwithstanding the provisions of Section 10(A), ESS may, in its sole discretion, elect to waive the provisions of Section 10(A) for any Emergency Physician subject to such provision; provided however, that ESS shall be compensated for each such Emergency Physician in the amount of Fifty Thousand Dollars ($50,000).

(Exhibit A).

5. The subject agreement further provides in Section 17 that Louisiana law applies regarding the validity, construction, enforcement and interpretation of the agreement. (Exhibit A).

6. La. R.S. 23:921(A)(1) provides that "[e]very contract or **agreement, or provision thereof, by which anyone is restrained from exercising a lawful profession, trade, or business of any kind**, except as provided in this Section, **shall be null and void**." (Emphasis added).

                    **Respectfully submitted,**

                    **NELSON, ZENTNER, SARTOR & SNELLINGS, LLC**
                    **1507 Royal Avenue**
                    **Post Office Box 14420**
                    **Monroe, Louisiana 71207-4420**
                    **Telephone: (318) 388-4454**

                    BY:/s/ David H. Nelson
                        **DAVID H. NELSON**
                        **LA. BAR ROLL NO. 9926**

ATTORNEYS FOR DEFENDANT, MOREHOUSE
PARISH HOSPITAL SERVICE DISTRICT NO. 1
d/b/a MOREHOUSE GENERAL HOSPITAL

**CERTIFICATE**

I hereby certify that on November 23, 2010, a copy of the foregoing Statement of Undisputed Material Facts was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Russell L. Foster and Harry M. Barton by operation of the court's electronic filing system.

          /s/ **David H. Nelson**
            OF COUNSEL