IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

**EMERGENCY STAFFING SOLUTIONS, INC.**   *   CIVIL ACTION NO. 10-00157

**VERSUS**                                *   MAG. JUDGE KAREN L. HAYES

**MOREHOUSE PARISH HOSPITAL**
**SERVICE DISTRICT NO. 1 d/b/a**
**MOREHOUSE GENERAL HOSPITAL**

### MEMORANDUM RULING

Before this Court are two separate motions. The first, filed by defendant Morehouse Parish Hospital Service District No. 1 d/b/a Morehouse General Hospital ("Morehouse General"), is a Motion for Reconsideration [doc. # 25] of the Court's Memorandum Ruling dated January 18, 2011, granting plaintiff Emergency Staffing Solutions, Inc. ("ESS")'s Motion for Summary Judgment, and denying defendant Morehouse General's Motion for Summary Judgment. Doc. # 23. Plaintiff ESS opposes the motion. Doc. # 31. Also at issue is ESS's Motion to Alter or Amend Judgment to Provide for Interests and Costs. Doc. # 29. ESS' motion is unopposed. For the reasons stated herein, Morehouse General's motion is **DENIED**, while ESS' motion is **GRANTED**.

### BACKGROUND

This breach of contract action stems from a Hospitalist and Emergency Department Services Agreement ("Agreement") entered into by ESS, a hospital staffing services company, and defendant Morehouse General, a hospital. Compl., Feb. 4, 2010, ¶ 5 [Doc. # 1].

Included in the Agreement is the following clause, entitled "Restrictive Covenant":

> A.   In recognition that ESS expends substantial resources and efforts to make qualified physicians available to serve as Providers, Hospital agrees that, during the Term of this Agreement including any extensions thereof, and for a period of 12 months after the

> termination or expiration of this Agreement regardless of cause, Hospital will not directly or indirectly (including, without limitation, through a controlled affiliate) solicit, retain, employ, contract with or otherwise engage or be the beneficiary of the professional services of any Provider who (a) was presented to Hospital by ESS as a prospective Provider within a six month period prior to date of termination or expiration of this Agreement, or (b) provided either administrative or medical services to satisfy ESS' obligations under this Agreement at Hospital. In addition, Hospital agrees that it will not induce, persuade, or attempt to persuade any Emergency Physician or prospective Emergency Physician to refuse to provide services or terminate his or her relationship with ESS, its agents or affiliates. Any current physicians working in the Hospital do not apply to this Restrictive Covenant. Notwithstanding the provisions of Section 10(A), ESS may, in its sole discretion, elect to waive the provisions of Section 10(A) for any Emergency Physician subject to such provision; provided however, that ESS shall be compensated for each such Emergency Physician in the amount of Fifty Thousand Dollars ($50,000).

Agreement, Jul. 1, 2007, Compl. Ex. 1 [Doc. # 1-1], § 10(A).

After Morehouse General terminated the Agreement with ESS, Morehouse General breached Section 10(A) of the Agreement by failing to wait the twelve (12) month waiting period prior to "soliciting and/or retaining" three Emergency Physicians provided by ESS. Compl., Doc. # 1, ¶ 9. In its complaint, ESS sought to be paid $50,000 per physician retained and/or solicited by Morehouse General within the twelve (12) months following the termination of the Agreement. *Id.*, Prayer, ¶ 2.

On November 23, 2010, plaintiff ESS moved for summary judgment on the grounds that Section 10(A) of the Agreement is enforceable, and accordingly, Morehouse General should be ordered to pay for the damages sought by ESS. *See* Doc. # 11. Also on November 23, 2010, Morehouse General moved for summary judgment on the grounds that Section 10(A) is unenforceable because it is a covenant not to compete against public policy, and is null and void pursuant to La. R.S. 23:291. *See* Doc. # 10.

In a Memorandum Ruling granting ESS' motion for summary judgment and denying Morehouse General's, the undersigned found that Section 10(A) does not prevent Morehouse General from exercising its trade, profession, or business. Doc. # 23, p. 6. Rather, "Section 10(A) merely restricts those medical service providers that defendant can 'solicit, retain, employ, contract with or otherwise engage or be the beneficiary of the professional services of...'" *Id.*. Accordingly, the undersigned determined that Section 10(A) was a "non-solicitation of employees clause," and was an enforceable contract provision. *Id.*

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed.R.Civ.P. 59(e). A Rule 59(e) motion to alter or amend judgment "calls into question the correctness of a judgment." *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002). It "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). A motion to alter or amend judgment is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). In ruling on this type of motion, the Court must strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

I.   **Morehouse General's Motion for Reconsideration**

After a thorough review of Morehouse General's motion for reconsideration, the Court finds that Morehouse General has failed to present any new evidence, legal theories, or arguments for the

3

Court's consideration. Rather, Morehouse General merely argues matters which were previously presented in its earlier Motion for Summary Judgment [doc. # 10], and were carefully considered by the Court prior to making its ruling.

Morehouse General makes numerous unsupported allegations as to why Section 10(A) is unenforceable and contrary to public policy. For example, without putting forth any evidence, defendant argues that Morehouse General is licensed as "Rural Hospital." Doc. # 25-1, p. 5. Defendant further argues that the case *sub judice* differs from the bulk of cases discussed in the Memorandum Ruling, as those cases involved "private corporations." *Id.* at pp. 6-7. Upholding Section 10(A) of the Agreement, defendant concludes, will "have a devastating impact on the public, unlike those in the cases of the private corporations." *Id.* at p. 7.

Morehouse General does not state that its alleged status as a "Rural Hospital" is "newly discovered evidence" that could not have been introduced in its earlier motion for summary judgment. *Nationalist Movement v. Town of Jena*, 321 Fed.Appx. at 364. However, even if such evidence has been "newly discovered," defendant's status as a rural hospital is irrelevant to whether Section 10(A) is enforceable. Defendant's alleged status as a rural hospital does not change the fact that Section 10(A) is not a covenant not to compete, for the reasons outlined in the undersigned's earlier Memorandum Ruling. Defendant can, and still is, "exercising its trade, profession, or business." La. R.S. 23:921(1). The fact that defendant will now have to pay money to the plaintiff to continue to do so does not change the inapplicability of the Louisiana statute.

The remainder of defendant's argument is identical to that put forth in its earlier motion for summary judgment and supporting documents. *See* Doc. # 10, doc. # 22. As stated *supra*, the undersigned has already determined that La. R.S. 23:921 does not apply to the contract provision in question; defendant has not offered any new evidence to show how the statute is applicable in the

4

instant case. Accordingly, having already exhaustively examined the arguments and evidence presented by the parties, Morehouse General's Motion for Reconsideration is **DENIED**.

II.     **Plaintiff's Motion to Alter Judgment to Provide for Interests and Costs**

As stated *supra*, also pending is ESS' Motion to Alter or Amend Judgement to Provide for Interests and Costs. Doc. # 29. The motion is unopposed by defendant Morehouse General.

Where a judgment omits an award of interest to a prevailing plaintiff, a motion to alter or amend is an appropriate vehicle for addressing such an omission. *See Miles-Hickham v. David Powers Homes, Inc.*, 2009 WL 1797812, *1 (S.D. Tex. 2009) (granting Rule 59(e) motion and awarding pre- and post-judgment interest); *Dotson v. Pfizer, Inc.*, 558 F.3d 284, 301, n.9 (4th Cir. 2009) (Rule 59(e) motion was correct method to address court's omission of prejudgment interest award).

In diversity cases, prejudgment interest is governed by state law. *Harris v. Mickel*, 15 F.3d 428, 429 (5th Cir. 1994); *Gulf South Machine, Inc. v. American Standard, Inc.*, 199 WL 199085, *1 (E.D. La. 1999). In Louisiana, "[w]hen the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due, at the rate agreed by the parties." La. Civ.Code Ann. art. 2000; *Concise Oil & Gas Partnership v. Louisiana Intrastate Gas Corporation*, 986 F.2d 1463, 1472 (5th Cir. 1993). Prejudgment interest is a component of compensatory damages, and is necessary to the plaintiff's full compensation because it represents the "use" value of the amount owed. *Trans-Global Alloy Ltd. v. First Nat'l Bank of Jefferson Parish*, 583 So.2d 443, 457-59 (La. 1991); *Gulf South Machine, Inc.*, 1999 WL 199085 at *1. As is the case here, the plaintiff is ordinarily the party prejudiced by the length of the litigation process due to the loss of use of funds rightly owed to it. *Id.*

In a breach of contract action, the claim bears interest from judicial demand or from such

earlier date when the claim became due, so long as the amount of damages was "ascertainable." *Concise Oil & Gas Partnership*, 986 F.2d at 1472; *Trans-Global Alloy Ltd.*, 583 So.2d at 459; *Gulf South Machine, Inc.*, 1999 WL 199085 at *3.

The determination of post-judgment interest is governed by federal law, and accrues at the rate determined under 28 U.S.C. § 1961(a). Finally, Federal Rule of Civil Procedure 54(d) provides that "unless a federal statute, these rules, or a court order provides otherwise, costs - other than attorneys' fees - should be allowed to the prevailing party." *See also Choina v. E.I. Du Pont de Nemours & Co.*, 1996 WL 2002279, *3 (E.D. La. 1996).

Here, defendant Morehouse General breached the parties' Agreement by continuing to benefit from the services of the physicians placed by ESS in the year following defendant's termination of said Agreement. Prejudgment interest, therefore, would ordinarily have run from the date the breach began - July 1, 2009.[1] However, the Agreement in question provides that interest begins to accrue on amounts invoiced but not paid within twenty days. Doc. # 1-1 at ¶ 8(A). Therefore, pursuant to the Agreement, prejudgment interest did not begin to accrue until January 6, 2010, which was twenty days following ESS' December 17, 2009 demand for payment. Doc. # 11-5. Also pursuant to the Agreement, prejudgment interest is to be calculated at the contractually agreed-upon rate of 18%. Doc. # 1-1 at ¶ 8(A); *see* La. Civ.Code art. 2000; *Concise Oil & Gas Partnership*, 986 F.2d at 1473. Accordingly, the Judgment should be amended to provide for prejudgment interest at the contractual rate of 18% from January 6, 2010 through January 18, 2011, the date of Judgment.

Additionally, in viewing of the foregoing authorities described *supra*, the Judgment will also be amended to provide for post-judgment interest from the date of Judgment, January 18, 2011,

---

[1] Pursuant to Morehouse General's letter, dated March 17, 2009, the Agreement between ESS and Morehouse General would terminate on July 1, 2009. Mot. for Summ. J., Nov. 23, 2010 [Doc. # 11, Ex. A-2].

6

through the date the judgment is satisfied by Morehouse General.

Finally, pursuant to Federal Rule of Civil Procedure 54(d), the Judgment should also be amended to provide for an award of costs. L.R. 54.3. There is no issue as to whether ESS qualifies as a "prevailing party," as its motion for summary judgment was granted, and Morehouse General's motion for summary judgment was denied.

Accordingly,

## CONCLUSION

**IT IS ORDERED** that defendant, Morehouse Parish Hospital Service District No. 1 d/b/a Morehouse General Hospital's Motion for Reconsideration of the Court's Memorandum Ruling dated January 18, 2011 [doc. # 23] be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Emergency Staffing Solutions, Inc.'s Motion to Alter or Amend Judgment to Provide for Interest and Costs is **GRANTED**. An Amended Judgment will issue shortly.

**THUS DONE AND SIGNED** at Monroe, Louisiana, on this 7th day of April, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE